UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GULF OFFSHORE LOGISTICS, LLC, ET AL          CIVIL ACTION

VERSUS                                        NO:    16-8247

CLAUDE NORRIS, ET AL                          SECTION: "N " (4)

<u>ORDER</u>

Before the Court is a **Motion for Leave to File First Amended Complaint for Declaratory Judgment (R. Doc. 25)** filed by the Plaintiffs, Gulf Offshore Logistics, LLC ("GOL") and JNB Operating, LLC ("JNB"), (collectively "Plaintiffs") seeking to amend their complaint to clarify the basis for diversity jurisdiction and add one additional factual assertion. The motion is opposed. R. Doc. 26. The motion was submitted on November 23, 2016. For the following reasons, the motion is **GRANTED**.

I.      <u>Background</u>

This diversity action for declaratory judgment was filed in the District Court on June 3, 2016. R. Doc. 1. The Plaintiffs seek a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-02 for the purposes of determining if Louisiana law applies to the employment contracts and relationships between Defendants and Plaintiffs and if the compensation provided to Defendants complied with Louisiana law. *Id.* at p. 3. The Plaintiffs are involved in the offshore marine transportation business. GOL contracts and brokers vessels for JNB. JNB is the operator of the vessesl and employer of the crew that operates the vessels. *Id.* Defendants are former employees of JNB who sent a letter on May 17, 2016 to the California Labor Workforce Development Agency. *Id.* at p. 12. In that letter, the Defendants alleged that the Plaintiffs had violated the California Labor Code and Wage Orders issued by the California Industrial Welfare Commission for the time period the Defendants

worked aboard a vessel off the coast of California. *Id.* Plaintiffs thereafter filed the instant action seeking declaratory judgment and an award of damages, attorneys' fees and costs. *Id.* at p. 15-16.

On July 14, 2016, the Defendants filed a class action complaint against the Plaintiffs in the Superior Court of the State of California for the County of Ventura in which they asserted ten (10) causes of action under California law against the Plaintiffs. R. Doc. 26, p. 3. On August 25, 2016, the Plaintiffs removed the action to the District Court for the Central District of California. *Id.* at p. 4; *Norris, et al v. Gulf Offshore Logistics, LLC, et al*, No. 16-6390, R. Doc. 1 (C.D. Cal. Aug. 25, 2016) ("California Action"). On October 12, 2016, the California District Court remanded the action back to the state court. *See* R. Doc. 24. The California Court found that the Plaintiffs had not established jurisdiction because, in part, the Plaintiffs had not properly plead diversity jurisdiction by not listing the domicile of all its members. *See Id.* at p. 5.

On July 20, 2016, the Defendants filed a Motion to Dismiss (R. Doc. 7). On October 13, 2016, the Defendants filed a Notice of the Recent Decisions in Support of Defendants' Motion to Dismiss. R. Doc. 24. In that notice, the Defendants filed the California District Court's order remanding the California action back to state court.

On October 26, 2016, the Plaintiffs filed the instant Motion to File First Amended Complaint. R. Doc. 25. The Plaintiffs seek to amend their complaint to clarify the basis for diversity jurisdiction, namely identifying of all members of the GOL and JNB and demonstrating that each member is a resident/domiciliary/citizen of Louisiana. They also seek to clarify that the amount in controversy had been met. *See* R. Doc. 25-4. The Plaintiffs also seek to add a factual correction that some portion of the time period that Defendant Douglas Kwaw worked aboard the ADELE ELISE was spent off the coast of Texas and Louisiana. *Id.* at p. 10.

The Defendants oppose the motion to amend. R. Doc. 26. The Defendants argue that the motion to amend is futile because: 1) it fails to establish personal jurisdiction over the Plaintiffs; 2) the Plaintiff's action is barred by the Anti-Injunction Act; and 3) the *Trejo* factors weigh in favor of dismissing the Plaintiff's action. *Id.* The Defendants also argue that allowing the motion to amend after the Defendant's motion to dismiss has been fully briefed and is pending is unduly prejudicial to the Defendants. *Id.* at 14.

## II.    <u>Standard of Review</u>

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d

at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

## III.    Analysis

Here, the Plaintiffs seek leave to file a first amended complaint, clarifying the factual bases for diversity jurisdiction and adding one factual assertion. R. Doc. 25.  Plaintiffs filed the motion for leave to file on October 26, 2016. *Id.*  Because the motion was filed before a scheduling order has been issued or any other deadline set out by the Court, the Plaintiff's motion is evaluated under the standard established by Rule 15(a). The Defendant challenges the proposed amendment on two grounds: undue prejudice and futility. R. Doc. 26.

### A.    Undue Prejudice

The Defendants argue that allowing the Plaintiffs to amend the complaint nearly four (4) months after the Defendants had filed a motion to dismiss would be unduly prejudicial given the costs that would be required to go through another round of briefing on the motion to dismiss. R. Doc. 26, p. 14. In opposition, the Plaintiffs argue that this first attempt to amend is not prejudicial and has been allowed by the Fifth Circuit. R. Doc. 29, p. 8. Moreover, the Plaintiffs argue that given the early juncture in this case and that they seek only to clarify the jurisdictional grounds and a simple factual clarification further establish the non-prejudicial nature of the motion. *Id.* at p. 9.

The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *Hebert v. Specialized Environmental Resources, LLC,* No. 12-0071, 2013 WL 1288219, at *4 (E.D.La. Mar. 23, 2013); *In re American International Refinery, Inc.,* 676 F.3d 455, 467 (5th Cir.2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been

limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427–28 (5th Cir. 2004) (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ed] the case anew."). "[T]he touchstone of the inquiry under rule 15(a) is whether the proposed amendment would unfairly prejudice the defense by denying the defendants notice of the nature of the complaint." *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

Here, the Plaintiffs seek to amend their complaint to clarify the basis for diversity jurisdiction, namely identifying the domicile of all members of the GOL and JNB and clarifying that the amount in controversy had been met. *See* R. Doc. 25-4. The Plaintiffs also seek to add the factual assertion that Defendant Douglas Kwaw worked aboard the ADELE ELISE when it spent time off the coast of Texas and Louisiana. *Id.* at p. 10. Neither of these amendments would so fundamentally alter the case so as to prejudice the Defendants by denying them notice of the nature of the complaint.

Moreover, to the extent that the Defendants argue that the timing of the motion in coming four months after the motion to dismiss has been filed has caused prejudice by its delay, the Court is similarly not persuaded. Denial of a motion under Rule 15(a) is appropriate where the delay is "undue" in that it prejudices the nonmoving party or places an unfair burden on the Court. *Mayeaux*, 376 F.3d at 427 (citing *Dussouy v. Gulf coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)); *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 (5th Cir. 2015) (internal ciations and quotations omitted) ("The touchstone for denial of leave to amend under Rule 15(a) is prejudice. Thus, delay warrants dismissal only if the delay ... presents the possibility of serious prejudice to the opponent."). Delay is prejudicial if "it hinders the opposing party's ability to

respond to the proposed amendment or to prepare for trial" such as "if the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial." *Dueling*, 623 F. App'x at 130. The proposed amendment at this early juncture of the case to insert essentially technical changes/clarifications does not hinder the Defendants' ability to respond or prepare for trial. Moreover, as the Plaintiffs point out, allowing a motion to amend after a motion to dismiss has been filed and brief has been approvingly acknowledge in this Circuit. *See, e.g. United States v. Nabor,* 256 F. App'x 669 (5th Cir. 2007). As such, there is no *undue* prejudice that might arise from allowing the amendment.

### B.    Futility

The Defendants further argue that the Plaintiff's motion to amend should be denied because the amendment is futile. R. Doc. 26, p. 4-5. In particular, the Defendants argue that the amended complaint would be futile because: the Court lacks personal jurisdiction over the Defendants; the Plaintiffs' action is barred by the Anti-Injunction Act; and the *Trejo* factors weigh in favor of dismissal. Unsurprisingly, the Plaintiffs counter that their amendment is not futile for any of the listed reasons by the Defendants. R. Doc. 29.

Undoubtedly, the Court has the discretion to deny a motion to amend if allowing that amendment would be futile. *Marucci Sports, LLC,* 751 F.3d at 378. "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Id.* (citing *Briggs*, 331 F.3d at 508). Moreover, "[w]here viability of a claim is at least facially possible, futility does not provide grounds for granting an amendment." *Who Dat? Inc. v. Rouse's Enerprises, LLC*, No. 12-2189, 2013 WL 3070848, at *2 (E.D. La. June 17, 2013) (citing *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 353–54 & n. 6 (5th Cir.2011)).

In considering the Defendants' futility arguments, the Court is mindful of the substance of the Plaintiffs' desired amendment. The Plaintiffs' seek only to clarify the basis for diversity jurisdiction and add one small factual clarification. Notably, the Defendant's arguments concerning the Anti-Injunction Act and the *Trejo* factors are unrelated to the requested amendments. Moreover, the Court is not convinced that it is not at least facially possible that the Plaintiffs have stated valid claims/arguments for why the Anti-Injunction Act or the *Trejo* factors do not warrant that the case be dismissed. And, given the current pending first Motion to Dismiss in front of the District Court (R. Doc. 7), the Court is unwilling to engage in a more thorough analysis of these arguments as they are more properly addressed and handled through fully developed briefs and a motion to dismiss. *See Total Safety U.S., Inc. v. Rowland*, No. 13-6109, 2014 WL 793453, at *4 (E.D. La. Feb. 26, 2014) (Lemelle, J.) ("These arguments delve too deeply into the disputed merits of the factual and legal claims, which the Court considers more properly addressed through further briefs and upon motions for dismissal or summary judgment."); *Burgo v. Stansbury,* 2016 WL 5779566, at *2 (E.D. La. Oct. 4, 2016) ("While the amendment may be futile because of the jurisdictional and immunity issues identified below, the Court finds that justice requires the amendment be allowed at this time, with the jurisdictional and immunity issues to be decided at a later date.").

Similarly, to the extent that the factual clarification seeking to explain that Defendant Kwaw ADELE ELISE spent time off the coast of Louisiana and Texas implicates the Defendants' personal jurisdiction, the Court also finds that—accepting the Plaintiffs' allegations as true, *Jaso*, 435 F. App'x at 353—the Plaintiffs' have at least stated a facially possible case for personal jurisdiction in that they allege that each of the Defendants applied and had been hired, trained, and worked in or off the Coast of Louisiana. R. Doc. 25-4, p. 6-14. Moreover, the Plaintiffs had

previously alleged that Kwaw worked off the Coast of Louisiana on board one of their vessels in the original complaint. R. Doc. 1, p. 7. The Court again declines to make further judgment on the futility of Plaintiffs' bases for personal jurisdiction while the same argument on essentially the same facts is pending before the District Court and is better decided there. Thus, at this juncture, the Court finds no "substantial reason" to deny the motion to amend for futility based on these arguments at this time and, as discussed above, the Defendants will not be prejudiced by the amendment. *Marucci Sports, LLC*, 751 F.3d at 378.

**IV.**   <u>**Conclusion**</u>

Accordingly,

**Motion for Leave to File First Amended Complaint for Declaratory Judgment (R. Doc. 25) is GRANTED.**

New Orleans, Louisiana, this <u>30th</u> day of November 2016.

<br>

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**